No. 2904

Second Circuit

WILKINSON v. RANKIN

(November 7, 1930. Opinion and Decree.)
(December 23, 1930. Rehearing Refused.)

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, attorneys for plaintiff, appellant.

Thomas W. Robertson, of Shreveport, attorney for defendant, appellee.

DREW, J. Plaintiff sued defendant for the sum of $270, alleging same to be due him as a balance for furnishing of material and putting on roof on the North Louisiana Sanitarium and the Weiner-Loeb-Katzenstein building in the city of Shreveport.

Defendant is proprietor and owner of the Rankin Sheet Metal Works in the city of Shreveport; and plaintiff is engaged in the roofing business. For several years defendant would bid on the sheet metal work and roofing, always securing the figures from plaintiff as to what he would do the roofing for, and each would collect for the amount of his work.

Plaintiff contends that his figures to defendant on the North Louisiana Sanitarium job was $816 and that he received from defendant only $714, leaving a balance due him of $102 on that job. He further contends that on the Wiener-Loeb-Katzenstein job his bid was originally $2,160, from which he agreed to a reduction of $169.75, leaving a balance of $1,990.25, and that he received from defendant the sum of $1,822.25, leaving a balance due him of $168.

Defendant contends that the price agreed on for the North Louisiana Sanitarium job was not a lump sum, but figured on fifty-one squares of roofing at $14 per square, amounting to $714, which amount was paid to plaintiff, although only thirty-eight squares were put on the building; and that the price originally made by plaintiff on the other job was $1,988, and that plaintiff agreed, before beginning the work, to a reduction of $165.75, leaving an amount due plaintiff of $1,822.25, which amount he paid to plaintiff.

Defendant, in reconvention, sued for the difference between the price of fifty-one squares at $14 per square and thirty-eight squares at $14 per square, alleging that plaintiff was overpaid on the North Louisiana Sanitarium job in that amount. However, on the trial of the case, he testified that plaintiff did not owe this difference to him, but to the contractor on the North Louisiana Sanitarium job, of course putting an end to his reconventional demand.

The only witnesses to the contracts between plaintiff and defendant are the plaintiff and defendant themselves, and on every point in the case they contradict each other.

Counsel for appellant stated, in arguing the case, that, if it were not for mathematical calculation that showed the plaintiff to be correct, he would not have appealed the case; and he proceeded to figure on the Wiener-Loeb-Katzenstein job, basing his figures on an original bid of $2,160 made by plaintiff; but this very figure is denied by defendant, who testifies that the original bid of plaintiff on the job was $1,988.

Everything testified to by plaintiff that would have any bearing on the result of the case is emphatically denied by defendant, and the only question before the court is the credibility of the two witnesses. There is no evidence to corroborate either of them.

The case was tried in the city court of the city of Shreveport, and the judge of that court heard and saw the witnesses testify. He was better situated and qualified to pass on the credibility than we are, and undoubtedly gave the same weight to the testimony of each of them, as his judgment was one rejecting the demands of plaintiff and rejecting the reconventional demand of defendant. The witnesses being of equal credibility, then the plaintiff has failed to support the allegations of his petition with sufficient evidence to secure a judgment.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be affirmed, with costs.